1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF WASHINGTON

8

9    MARTIN GILL, an individual,              )
                                              )
10                        Plaintiff,          )    No. CV-13-252-LRS
                                              )
11                   v.                       )    **ORDER OF**
                                              )    **CONSOLIDATION**
12   DePUY SPINE, INC., an Ohio corporation,  )
     DePUY SYNTHES SALES, INC.,               )
13   a Massachusetts corporation, and         )
     JOHNSON & JOHNSON, a New Jersey          )
14   corporation,                             )
                                              )
15                                            )
                                              )
16                        Defendants.         )
     _____)
17   DePUY SYNTHES SALES, INC.,               )
                                              )
18                        Plaintiff,          )    No. CV-13-376-LRS
                                              )
19                   v.                       )    **ORDER OF**
                                              )    **CONSOLIDATION**
20   MARTIN GILL, an individual,              )
                                              )
21                                            )
                                              )
22                        Defendant.          )
     _____)
23

            **BEFORE THE COURT** is the Plaintiff Martin Gill's Motion To

24   Consolidate (ECF No. 12 in CV-13-252-LRS).  At the December 3, 2013

25   telephonic scheduling conference in CV-13-376-LRS, counsel for Plaintiff DePuy

26   Synthes Sales, Inc., who is also counsel for the Defendants in CV-13-252-LRS

27   (DePuy Spine, Inc., DePuy Synthes Sales, Inc., and Johnson & Johnson), agreed

28

**ORDER OF CONSOLIDATION -        1**

1   that consolidation is warranted.  Based on that stipulation and good cause

2   appearing, Plaintiff Martin Gill's Motion To Consolidate (ECF No. 12 in CV-13-

3   252-LRS) is **GRANTED**.

4   Under Fed. R. Civ. P. 42(a), "[i]f actions before the court involve common

5   questions of law or fact, the court may . . . consolidate the actions . . . ."  Before

6   Rule 42(a) was adopted, the general rule posited that "consolidation . . . does not

7   merge the suits into a single cause, or change the rights of the parties, or make

8   those parties in one suit parties in another."  *Johnson v. Manhattan Ry. Co.*, 289

9   U.S. 479, 496-97, 53 S.Ct. 721 (1933).  Rule 42(a), however, affords courts broad

10  discretion to consolidate cases.  *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th

11  Cir. 1987).  Merger of actions may be appropriate under certain circumstances.

12  *See Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002)(discussing three forms of

13  consolidation including "when several actions are combined and lose their

14  separate identities").

15  A merger of actions is what is proposed in the motion to consolidate.  That

16  appears to be appropriate as the two actions mirror each other:  each is based on

17  facts surrounding Mr. Gill's former employment with DePuy and the Employee

18  Secrecy, Intellectual Property, Non-Competition and Non-Solicitation Agreement

19  entered into by Mr. Gill and DePuy.  Accordingly, the two actions shall be

20  **CONSOLIDATED** and proceed under a single cause number, that being the

21  earlier filed case of CV-13-252-LRS.  All further filings shall be made under that

22  cause number and the causes of action alleged in the First Amended Complaint of

23  record in CV-13-376-LRS shall be adjudicated as part of CV-13-252-LRS.   The

24  District Executive is directed to **CLOSE** CV-13-376-LRS.

25  The Scheduling Order entered in CV-13-252-LRS at ECF No. 9 is hereby

26  **VACATED**.  An Amended Scheduling Order is entered contemporaneously

27  herewith containing the dates discussed at the December 3, 2013 telephonic

28  scheduling conference.  This Amended Scheduling Order sets forth the pre-trial

**ORDER OF CONSOLIDATION -        2**

dates and trial date for the consolidated actions.

**IT IS SO ORDERED.**  The District Executive shall forward copies of this order to counsel of record in CV-13-252-LRS and CV-13-376-LRS.

**DATED** this _____4th_____ day of December, 2013.


*s/Lonny R. Suko*
_____
LONNY R. SUKO
Senior United States District Judge

**ORDER OF CONSOLIDATION -**        **3**